**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Denise Smith, | No. CV-13-02611-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Joseph Leynard Smith, | |
| Defendant. | |

Before the Court are Plaintiff's motion for default judgment (Doc. 9) and Defendant's motion to vacate the clerk's entry of default (Doc. 11). The Court will construe Defendant's motion as a response to Plaintiff's motion and as a motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c). The Court will grant Defendant's motion and deny Plaintiff's motion for default judgment as moot.

**I.   Background.**

On December 20, 2013, Plaintiff Yolanda Smith filed a complaint for breach of contract. Doc. 1. On February 4, 2014, Plaintiff requested that the Clerk enter default against Defendant pursuant to Rule 55(a) for failing to plead or otherwise defend the action. Doc. 7. The Clerk entered default on February 5, 2014. Doc. 8. That same day, Plaintiff filed a motion for default judgment. Doc. 9. On March 3, 2014, Defendant filed a notice of appearance and motion to vacate default judgment. Doc. 10. On March 25, 2014, he filed an amended notice of appearance and motion to vacate the clerk's entry of default. Doc. 11.

## II. Legal Standard.

Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Courts consider three factors in deciding whether good cause exists: (1) whether the moving party engaged in culpable conduct; (2) whether the moving party has a meritorious defense; and (3) whether setting aside the default will prejudice the non-moving party. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citations omitted). The moving party bears the burden of proving that the three factors weigh in favor of setting aside default. *Franchise Holding II, LLC. v. Huntington Rest. Grp.*, 375 F.3d 922, 926 (9th Cir. 2004). This burden, however, is not "extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. "A case should, whenever possible, be decided on the merits." *Id.* at 697.

## III. Analysis.

### A. Culpable Conduct.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Id*. at 697 (citations omitted). Intentional conduct, in this context, must rise to the level of conduct which is willful, deliberate, or done in bad faith. *Id.* at 697-98. Defendant asserts that he failed to respond to Plaintiff's complaint because he was unaware that a breach of contract claim had been filed against him in this Court. Doc. 11 at 1-2. Proceeding pro se at the time, Defendant asserts that all previous legal matters between him and Plaintiff had occurred in state court. *Id.* at 2. Thus, when he received an envelope from Plaintiff containing legal documents, he failed to distinguish between the Petition for Modification of Custody and Child Support filed in state court and the breach of contract claim filed in this Court. *Id.* at 1-3. Defendant therefore filed a response only in state court. *Id.* at 4. Defendant asserts that he did not learn about the complaint filed in this Court until after he had secured legal counsel on February 25, 2014. *Id.* at 4-5. Because nothing about Defendant's conduct suggests a "devious, deliberate, willful, or bad faith failure to respond," the Court finds that his conduct was not culpable. *TCI Grp.*, 244 F.3d at 698.

**B.    Meritorious Defense.**

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (citation omitted). Plaintiff alleges that she entered into a contract with Defendant regarding the division of certain property, including the disposition of a residence in Scottsdale. Doc. 1, ¶¶ 6, 7, 9. Plaintiff alleges that Defendant breached the contract by failing to participate in the refinancing of the residence and by failing to pay for repairs. Doc. 1, ¶¶ 13, 16. Defendant asserts that did not breach the contract because he signed and transferred all the documents pertaining to the refinancing of the residence. Doc. 11 at 4. Defendant also contends that he has not received repair estimates, request for reimbursement, or a demand for payment from Plaintiff. *Id.* at 4-5. These allegations, accepted as true, satisfy the meritorious defense requirement.

**C.    Prejudice.**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.,* 244 F.3d at 701. "[T]he standard is whether [Plaintiff's] ability to pursue [her] claim will be hindered." *Id.* (citations omitted). Plaintiff asserts that, absent a default judgment, Plaintiff will have "no means of pursuing Defendant for his violations of the Contract." Doc. 9 at 5-6. Plaintiff can pursue Defendant for the alleged breach of contract by proving the merits or her claim.

This Circuit's "rules for determining when a default should be set aside are solicitous towards movants," especially where, as in this case, the "actions leading to the default were taken without the benefit of legal representation." *Mesle,* 615 F.3d at 1089. Whenever possible, a case should be decided on the merits and judgment by default is "appropriate only in extreme circumstances[.]" *Id.* Because extreme circumstances do not exist here, the Court will set aside default.

**IT IS ORDERED:**

1.    The motion to set aside default (Doc. 11) is **granted**.

1      2.    Plaintiff's motion for default judgment (Doc. 9) is **denied as moot.**

2      3.    Defendant shall file his answer on or before **May 9, 2014**.

3  Dated this 23rd day of April, 2014.

*[signature]*

David G. Campbell
United States District Judge